**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SITEXPEDITE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NEXXCOM WIRELESS, LCC,**<br><br>**Defendant.** | Civil Action No. 2:12-CV-05107<br>(CCC)(JAD)<br><br>**OPINION** |

This matter comes before the Court upon motion by defendant Nexxcom Wireless, LLC ("Defendant" or "Nexxcom"), to (i) dismiss the Complaint in its entirety, or, alternatively, Count II of the Complaint; and (ii) transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of California. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Defendant's motion to transfer is **granted** and Defendant's motion to dismiss is **denied** as moot.

**I.      BACKGROUND.**

This is a breach of contract and fraud action brought by plaintiff Sitexpedite ("Plaintiff") against Defendant. The action was initially brought in the Superior Court of the State of New Jersey, Law Division, Union County, and was removed to this Court by Defendant on August 13, 2012.

In the Complaint, Plaintiff alleged that it entered into various contracts with Defendant whereby Plaintiff was to perform work relating to the installation of wireless cell antennas

1

throughout the State of New Jersey, as well as the State of California. (Notice of Removal, Ex. A, Compl. (hereinafter, "Complaint") ¶ 4, ECF No. 1-1). Defendant allegedly promised that it would pay invoices submitted by Plaintiff on a weekly basis as they became due. (Id. at ¶ 5). Plaintiff alleged that, in reliance on this promise, it performed a significant amount of work. (Id. at ¶ 6). In addition, Plaintiff alleged that it transferred, at its own expense, certain equipment to Southeast Pennsylvania for storage based upon the representation from Defendant that Plaintiff would be involved in the installation of such equipment. (Id. at ¶¶ 8-9). However, Defendant later indicated that it had "changed direction" and that the equipment was to be shipped elsewhere and installed by a different contractor. (Id. at ¶ 11). Plaintiff alleged that Defendant breached its contract with Plaintiff and that a sum of $372,589.97 remains outstanding from Defendant. (Id. at ¶ 13).

The Complaint contains two counts: breach of contract (Count I) and fraud (Count II) (the "Fraud Claim"). On August 13, 2012, Defendant filed the instant motion, which seeks to (i) dismiss either the Complaint in its entirety or, alternatively, the Fraud Claim; or (ii) transfer the action to the United States District Court for the Southern District of California.

With respect to the motion to transfer, Defendant argued that transfer is appropriate because the public and private interests that courts must consider in determining whether to transfer a case pursuant to 28 U.S.C. § 1404(a) weigh in favor of transfer. In particular, (i) the majority of work that was performed pursuant to the parties' contract was performed in California; (ii) California is more convenient for non-party witnesses, many of whom live in California and none of whom live in New Jersey; (iii) the convenience of the parties is greater in California because neither party is located in New Jersey and Nexxcom is located in California; (iv) New Jersey has a lesser interest in this matter being litigated here when the cause of action

relates most strongly to California and only secondarily to New Jersey. (Br. Supp. Mot. Transfer 13-14, ECF No. 4-10).

Plaintiff opposed the motion to transfer and argued that its choice of venue is of "paramount consideration" and should be disturbed only when the balance is "strongly tipped" in favor of transfer. (Opp. Br. 1, ECF No. 6).

The present motion requires the Court to determine whether, for the convenience of the parties and witnesses and in the interests of justice, this matter should be transferred from this District to the Southern District of California.[1]

## II.  STANDARD OF REVIEW.

The decision of whether to transfer a case is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No. 09-2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010). Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a case to any venue where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 497 (D.N.J. 1998).

The three factors a court must consider when determining whether to transfer a matter pursuant to § 1404(a) are: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id. In addition to these statutory factors, the Third Circuit established a list of public and private interests that should also be considered when deciding whether to transfer an action:

---

[1] Given that the Court finds that transfer is appropriate, it shall deny Defendant's motion to dismiss as moot.

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Johnson v. RiteAid, No. 10-2012, 2011 WL 2580375, at *2-3 (D.N.J. June 28, 2011) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).

Thus, the Court must engage in a two part analysis to determine whether a motion to transfer venue should be granted. As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Id. "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" Id. (citing Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988) (internal citations omitted).

### III. DISCUSSION.

#### A. The Instant Matter Could Have Been Brought in the Southern District of California.

As a threshold matter, this Court must decide whether the transferee forum has proper jurisdiction and venue to hear the instant action. Where subject matter jurisdiction is based on

4

diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Under this standard, it is possible for venue to be proper in more than one district. Zapf v. Bamber, CIV.A. No. 04CV3823SSB, 2005 WL 2089977, *1, *2 (D.N.J. Aug. 26, 2005) (citing Cottman Trans. Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.1994)). Here, the Court finds, and the parties do not dispute in their respective papers, that jurisdiction and venue would be appropriate in the Southern District of California. Nexxcom is a California limited liability company with its principal place of business in San Diego, California, which is encompassed by the Southern District of California. (Br. Supp. Motion Transfer 2, ECF No. 4-10). Plaintiff, although a Wisconsin corporation, contracted with Nexxcom in California. (Id. at 13). In addition, a "substantial part" of the events giving rise to Plaintiff's claims indisputably occurred in California, specifically of the $372.589.93 sought in the complaint, only $51,406.44 of that sum (approximately 14%) relates to work performed in New Jersey; the majority relates to work performed in California. (Id.).

Having found that this action could have originally been brought in the Southern District of California, this Court now turns to whether the § 1404(a) factors, as well as private and public interest factors, weigh in favor of such a transfer.

### B. Private and Public Factors.

At the outset, the Court notes that Plaintiff did not dispute any of the factual arguments made by Defendant in support of its motion to transfer. Specifically, Plaintiff did not dispute that its cause of action arose out of purchase orders that were generated by Nexxcom in California, with invoices issued by Plaintiff and sent to Defendant in California, and that payments were arranged by Nexxcom in California. (Br. Supp. Mot. Transfer 13, ECF No. 4-

10). Nor did Plaintiff dispute that the majority of work performed under the purported contracts was done in California. (Id.). Plaintiff did not identify a single witness located in New Jersey that would be unavailable to testify in California, nor did it suggest that the location of books and records (or any other source of proof) weighed in favor of maintaining this action in New Jersey.

Rather, Plaintiff's sole argument in opposition to transfer is that a Plaintiff's choice of forum is entitled to deference. (Opp. Br. 1-2, ECF No. 6). However, although a plaintiff's choice of forum is typically afforded great deference, it is not a right and "should not receive dispositive weight." Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995). In addition, deference to a plaintiff's choice of forum is curbed where the plaintiff has not chosen his or her home forum. Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (citing Mediterranean Golf, Inc. v. Hirsh, 783 F. Supp. 835, 842 (D.N.J. 1991); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 n. 23, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981), reh'g denied, 455 U.S. 928, 102 S. Ct. 1296, 71 L.Ed.2d 474 (1982)). As such, Plaintiff's choice of forum, which appears to be the sole interest advanced by Plaintiff in support of laying venue in New Jersey, does not outweigh the private and public interests argued by Defendant in support of transfer.

In particular, the Court finds that the convenience of the parties and witnesses, as well as the interests of justice, weighs in favor or transfer. Clearly, litigating this matter in California is more convenient for Nexxcom, which is located in California. This factor is neutral with respect to Plaintiff, as Plaintiff is located in Wisconsin and thus would experience some level of inconvenience whether the case remains in New Jersey or is transferred to California. Plaintiff provided this Court with no support for why New Jersey would be less inconvenient than California, and, therefore, the Court finds that this factor weighs in favor of transfer. In addition, the convenience of witnesses also weighs in favor of transfer. Plaintiff did not identify a single

witness that would be unavailable for trial in California. Defendant, however, identified the specific contracts that are allegedly at issue and the witnesses that may have knowledge of these contracts, and identified these witnesses as being residents of California. (Br. Supp. Mot. Transfer 3-4, ECF No. 4-10).

Similarly, the public interests that the Court must weigh when deciding whether to transfer an action will be equally served, in this Court's view, by either forum.

Taking all of the foregoing into consideration, this Court concludes that Defendants met their burden of demonstrating that it would be more convenient for all the parties and witnesses to have this case litigated and tried in the Southern District of California.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to transfer the case to the United States District Court for the Southern District of California is **granted**. Plaintiff's motion to dismiss is **denied** as moot.

Joseph A. Dickson, U.S.M.J.

cc.   Honorable Claire C. Cecchi, U.S.D.J.